ORSHANSKY & YEREMIAN LLP
Anthony J. Orshansky, Cal Bar No. 199364
anthony@oyllp.com
David H. Yeremian, Cal Bar No. 226337
david@oyllp.com
16133 Ventura Blvd., Suite 1245
Encino, California 91436
Telephone: (818) 205-1212
Facsimile: (818) 205-1616

Attorneys for Plaintiff
JUDY SINK-CRILLY, on behalf of herself and others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUDY SINK-CRILLY, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CENTEX HOMES, a Nevada general partnership,<br><br>Defendant. | Case No. CV 09-02476 ODW (JWJx)<br><br>**SECOND AMENDED CLASS-ACTION COMPLAINT FOR:**<br><br>1. Failure to Pay Wages and Overtime Under California Law<br>2. Meal-Period Liability Under California Labor Code § 226.7<br>3. Rest-Break Liability Under California Labor § 226.7<br>4. Reimbursement of Necessary Expenditures Under California Labor Code § 2802(a)<br>5. Pay-Stub Violations Under California Labor Code § 226(a)<br>6. Penalties Pursuant to California Labor Code § 203<br>7. Penalties Under Labor Code § 2699<br>8. Violation of California Business & Professions Code § 17200 |

Plaintiff JUDY SINK-CRILLY (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, complains of Defendant as follows:

### JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction.

2. Subject-matter jurisdiction also exists on the basis of the Class Action Fairness Act (CAFA), 18 USC § 1332(d). This is a putative class action whereby: (i) the proposed class consists of over 100 class members; (ii) at least some of the proposed class members, including Plaintiff, have a different citizenship from Defendant; and (iii) the claims of the proposed class exceed $5,000,000.00 in the aggregate.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391, and 1446 since a substantial part of the events giving rise to this claim occurred in this judicial district.

### INTRODUCTORY

4. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who hold or held the position of commissioned salesperson or similar title employed by CENTEX HOMES during the relevant time periods (as defined by the applicable statutes of limitation). Plaintiff alleges that Defendant violated various state wage-and-hour laws.

5. Plaintiff brings this action as a state-wide class action on behalf of a class of current and former commissioned salespersons within the State of California to recover overtime compensation and other wages due pursuant to the California Labor Code, Industrial Welfare Commission ("IWC") Wage Orders and the Business & Professions Code (the "Class").

### PARTIES

6. Plaintiff JUDY SINK-CRILLY is a resident of California and, during the time period relevant to this Complaint, was employed by Defendant as a

- 1 -
SECOND AMENDED CLASS-ACTION COMPLAINT

commissioned salesperson in the State of California.

7. Plaintiff and members of the proposed Class were employed by Defendant as commissioned salespersons. Their jobs consisted of selling and closing new homes built or to be built in the neighborhoods to which they were assigned.

8. Defendant CENTEX HOMES (herein, "Defendant") is a Nevada general partnership operating within the State of California.

## FACTUAL BACKGROUND

9. Plaintiff and members of the proposed Class are, and at all times pertinent hereto, were commissioned salespersons within the meaning of the California Labor Code and the implementing rules and regulations of the IWC Wage Orders.

10. During the relevant period the earnings of Plaintiff and members of the proposed Class did not always exceed one and one-half times the minimum wage for all hours worked where more than half of their compensation represented commissions.

11. Plaintiff and members of the proposed Class were not paid one and one-half times their regular rate of pay for hours worked in excess of eight (8) hours a day or forty (40) hours a week, as required by California labor laws, regulations, and IWC Wage Orders.

12. Plaintiff and members of the proposed Class were regularly required by Defendant to work in excess of five (5) hours a day without a meal period of not less than 30 minutes, and in excess of ten (10) hours a day without a second meal period of not less than 30 minutes; nor did Plaintiff and members of the Class receive one (1) hour of pay at their regular rates of pay for each meal period that was not provided, in violation of California labor laws, regulations, and IWC Wage Orders.

13. Plaintiff and members of the proposed Class were regularly required by

-2-
SECOND AMENDED CLASS-ACTION COMPLAINT

Defendant to work in excess of four (4) consecutive hours a day without either being provided a rest break or being compensated one (1) hour of pay at the regular rate of compensation for each workday that appropriate rest breaks were not provided, in violation of California labor laws, regulations, and IWC Wage Orders.

14. Defendant knowingly and intentionally failed to provide timely, accurate, and itemized wage statements to Plaintiff and members of the proposed Class.

15. Defendant knowingly and intentionally failed to reimburse Plaintiff and members of the proposed Class for necessary and required business expenditures incurred by them in the scope of their employment.

16. Defendant willfully failed to compensate former employees who belong to the proposed Class for wages at the termination of their employment with Defendant.

17. Plaintiff, on behalf of herself and members of the proposed Class, brings this action pursuant to Labor Code §§ 201, 202, 203, 204, 226, 510, 512, 558, 1194, 1199, 2699, and 2802.

18. Plaintiff, on behalf of herself and members of the proposed Class, pursuant to Business & Professions Code §§ 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendant enjoyed from its violation of California law.

**COLLECTIVE-ACTION / CLASS-ACTION ALLEGATIONS**

19. Plaintiff brings this action on behalf of herself and all others similarly situated as a Collective Action / Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent one class, defined as follows:

- All persons who are or have been employed as commissioned salespersons by Defendant within the State of California at any time

four (4) years prior to the filing of this action ("Class").

20. Plaintiff reserves the right under Federal Rule of Civil Procedure, Rule 23(c)(5) to amend or modify the class description with greater particularity or further division into subclasses or limitation to particular issues.

21. This action has been brought and may properly be maintained as a collective action / class action under Rule 23 of the Federal Rules of Civil Procedure, for the reasons set forth below.

### A. Numerosity

22. The Class as defined is so numerous that joinder of all the members of the Class is impracticable. While the precise number of class members has not been determined at this time, Plaintiff is informed and believes that Defendant employed approximately 253 commissioned salespersons within the State of California during the relevant time period.

### B. Commonality

23. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual class members. These common questions of law and fact include:

  i. Whether Defendant failed to pay overtime compensation as required by the California Labor Code, and the applicable IWC Wage Orders;

  ii. Whether Defendant violated California Labor Code §§ 226.7 and 512, and the applicable IWC Wage Orders, by failing to provide Plaintiff and members of the proposed Class with meal periods on days they worked in excess of five (5) hours or second meal periods on days they worked in excess of ten (10) hours without paying them one (1) hour's wages in lieu of each missed meal period;

    iii. Whether Defendant violated California Labor Code §§ 226.7 and 512, and the applicable IWC Wage Orders, by failing to provide rest breaks on days that employees worked in excess of four (4) consecutive hours without paying them one (1) hour of wages in lieu of each day they missed one or more rest breaks;

    iv. Whether Defendant violated California Labor Code § 226(a);

    v. Whether Defendant violated California Labor Code § 2802 by failing to reimburse or indemnify employees for necessary and required business expenses incurred in the scope of their employment;

    vi. Whether Defendant violated California Labor Code §§ 201-203 by failing to pay wages and compensation due and owing at the time of termination;

    vii. Whether Defendant violated California Labor Code § 2699 et seq. by engaging in the acts previously alleged;

    viii. Whether Defendant violated California Business & Professions Code § 17200 et seq.; and,

    ix. Whether Plaintiff and members of the proposed Class are entitled to equitable relief pursuant to California Business & Professions Code § 17200 et seq.

**C.**     **Typicality**

24. The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and all members of the proposed Class sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of statutes, as well as regulations that have the force and effect of law, as alleged herein.

### D. Adequacy of Representation

25. Plaintiff will fairly and adequately represent and protect the interests of members of the proposed Class. Counsel who represent Plaintiff and the proposed Class are experienced and competent in litigating employment class actions.

### E. Superiority of Collective Action / Class Action

26. A collective action / class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed class members is not practicable, and questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class. Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendant's illegal policies or practices of failing to compensate class members properly.

27. Collective-action / Class-action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the Court. Plaintiff is unaware of any difficulties in managing this case that should preclude collective action or class action.

### F. Notice to Putative Class Members

28. Plaintiff is informed and believes and thereon alleges that the contact information of current and former employees is attainable from Defendant's personnel records. Consequently it is contemplated that notice shall be set to the most recent address of each putative class members that can be found in Defendant's personnel files.

## FIRST CAUSE OF ACTION

**(Failure to Pay Wages and Overtime Under California Labor Code §510, Brought by Plaintiff on Behalf of Herself and the California Class)**

29. Plaintiff incorporates paragraphs 1 through 28 as though fully set forth herein.

30. The earnings of Plaintiff and members of the proposed Class, where at least half of those earnings came from commissions, did not always exceed one and one-half times the minimum wage during the relevant period.

31. Defendant violated California Labor Code § 510 (and the relevant orders of the IWC) by failing to pay Plaintiff and members of the proposed Class, as further delimited in Paragraph 41 above, the following, statutorily prescribed overtime rates: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a workday or in excess of forty (40) hours in any workweek, or for the first eight hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve (12) hours in any one day or for hours worked in excess of eight (8) hours on any seventh day of work in a workweek.

32. Defendant's failure to pay overtime compensation in a timely fashion also constituted a violation of California Labor Code § 204, which requires that all wages be paid in semimonthly payments. From at least four (4) years prior to the filing of this action up to the present, in direct violation of that provision of the California Labor Code, Defendant has failed to pay all overtime compensation earned by Plaintiff and members of the proposed Class. Each failure to make a timely payment of overtime compensation to Plaintiff and members of the proposed Class constitutes a separate violation of California Labor Code § 204.

33. Plaintiff and members of the proposed Class have been damaged by said violations of California Labor Code §§ 204 and 510 (and the relevant orders of the IWC).

34. Pursuant to California Labor Code §§ 204 and 510 (and the relevant orders of the IWC), Defendant are liable to Plaintiff and members of the proposed Class for the full amount of all their overtime compensation with interest, plus their reasonable attorneys' fees and costs.

- 7 -
SECOND AMENDED CLASS-ACTION COMPLAINT

## SECOND CAUSE OF ACTION

**(Meal-Period Liability Under Labor Code § 226.7, Brought by Plaintiff on Behalf of Herself and the California Class)**

35. Plaintiff incorporates paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff and members of the proposed Class worked shifts of over five hours and, on occasion, over ten hours. Pursuant to California Labor Code § 512, an employer may not employ someone for a work period of more than five hours a day without providing him with a meal period of not less than 30 minutes, or for a work period of more than ten hours a day without providing him with a second meal period of not less than 30 minutes.

37. Defendant failed to provide Plaintiff and members of the proposed Class with meal periods as required under the Labor Code.

38. Defendant failed to compensate Plaintiff and members of the proposed Class for each missed meal period as required under Labor Code § 226.7.

39. Pursuant to Labor Code § 226.7 Plaintiff and members of the proposed Class are entitled to damages in an amount equal to one (1) hour of wages for each missed meal period, in a sum to be proven.

## THIRD CAUSE OF ACTION

**(Rest-Break Liability Under California Labor Code §226.7, Brought by Plaintiff on Behalf of Herself and the California Class)**

40. Plaintiff incorporates paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff and members of the proposed Class consistently worked consecutive four (4) hour shifts. Pursuant to the California Labor Code and the applicable wage order Plaintiff and members of the proposed class were entitled to rest breaks of not less than ten (10) minutes for each consecutive four (4) hour

- 8 -
SECOND AMENDED CLASS-ACTION COMPLAINT

period worked.

42. Defendant failed to provide Plaintiff and members of the proposed Class with timely rest breaks of not less than ten (10) minutes for each consecutive four (4) hour work period. California Labor Code § 226.7 requires an employer to pay an additional hour of compensation for each day the employer fails to provide adequate rest breaks.

43. Pursuant to California Labor Code § 226.7 Plaintiff and members of the proposed Class are entitled to damages in an amount equal to one (1) hour of wages for each day worked without the required rest breaks, in a sum to be proven.

## FOURTH CAUSE OF ACTION

**(Reimbursement of Necessary Expenditures Under California Labor Code § 2802, Brought by Plaintiff on Behalf of Herself and the California Class)**

44. Plaintiff incorporates paragraphs 1 through 43 as though fully set forth herein.

45. Labor Code § 2802(a) provides that an employer must reimburse employees for all necessary expenditures.

46. Plaintiff and members of the proposed Class incurred necessary expenditures associated with the use of personal vehicles and cellular phones in the course of their employment, for which Defendant did not fully reimburse them.

47. As a result of the unlawful acts of Defendant, Plaintiff and members of the proposed Class have been damaged, in an amount to be proven; therefore they are entitled to recover these amounts, plus interest and penalties thereon, as well as attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

**(Pay Stub Violations Under California Labor Code § 226(a), Brought by Plaintiff on Behalf of Herself and the California Class)**

48. Plaintiff incorporates paragraphs 1 through 47 as though fully set forth

- 9 -
SECOND AMENDED CLASS-ACTION COMPLAINT

herein.

49. California Labor Code § 226(a) requires an employer to furnish each of his employees with an accurate, itemized statement in writing showing the gross and net earnings, total hours worked, and the corresponding number of hours worked at each hourly rate. These statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

50. Defendant failed to provide Plaintiff and members of the proposed Class with accurate, itemized wage statements in writing, as required by the Labor Code, as a result of which Plaintiff and members of the proposed Class suffered injury.

51. Pursuant to Labor Code §§ 226(a) and 226(e), Plaintiff and members of the proposed Class are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000); they are also entitled to an award of costs and reasonable attorneys' fees.

## SIXTH CAUSE OF ACTION

**(Penalties Pursuant to California Labor Code § 203, Brought by Plaintiff on Behalf of Herself and the California Class)**

52. Plaintiff incorporates paragraphs 1 through 51 as though fully set forth herein.

53. Numerous members of the proposed Class are no longer employed by Defendant; they either quit Defendant's employ or were fired therefrom.

54. Defendant failed to pay Plaintiff and members of the proposed Class a

sum certain at the time of termination or within seventy-two (72) hours of resignation.

55. Defendant's failure to pay wages, as alleged above, was willful in that Defendant knew wages to be due but failed to pay them; this violation entitles the proposed Class to penalties under California Labor Code § 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

## SEVENTH CAUSE OF ACTION

**(Penalties Pursuant to California Labor Code § 2699, Brought by Plaintiff on Behalf of Herself and the California Class)**

56. Plaintiff incorporates paragraphs 1 through 55 as though fully set forth herein.

57. Plaintiff seeks penalties under California Labor Code §§ 2698 and 2699 for Defendant's violation of all Labor Code provisions included under Labor Code § 2699.5 that are based on the allegations of this Complaint. These penalties shall be allocated as follows: 75% to the Labor and Workforce and Development Agency (LWDA) and 25% to the affected employees.

58. Plaintiff gave written notice in the form of a letter sent by certified mail to the LWDA and Defendant of the specific provisions of the California Labor Code that Defendant had allegedly violated; Plaintiff included in this letter the facts and theories supporting the alleged violations.

59. Plaintiff sent this letter on or around February 17, 2009. More than thirty-three (33) days have elapsed since the postmark date of the letter; however, Plaintiff has received no notice of the LWDA's intent to investigate the alleged violations. Consequently, Plaintiff may bring this civil action pursuant to California Labor Code §2699.3(2)(A).
SECOND AMENDED CLASS-ACTION COMPLAINT

## EIGHTH CAUSE OF ACTION

**(Violation of California Business & Professions Code § 17200, Brought by Plaintiff on Behalf of Herself and the California Class)**

60. Plaintiff incorporates paragraphs 1 through 59 as though fully set forth herein.

61. This is a Representative Private Attorney General Action and Class Action for Unfair Business Practices. Plaintiff on behalf of herself and all similarly situated Californians, and on behalf of the general public of California, brings this claim pursuant to California Business & Professions Code § 17200 et seq. The conduct of Defendant as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and the proposed class.

Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure §1021.5.

62. Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

63. Business & Profession Code § 17200 et seq. prohibits unlawful and unfair business practices.

64. Wage-and-hour laws express fundamental public policies. Paying wages and providing employees with meal and rest breaks are fundamental public policies of this State and of the United States. California Labor Code § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to comply with minimum labor standards.

65. Defendant has violated statutes and public policies. Through the conduct alleged in this Complaint, Defendant has acted contrary to these public policies, has violated specific provisions of the Labor Code, and has engaged in other unlawful and unfair business practices in violation of Business & Profession Code § 17200 et seq.; which conduct has deprived Plaintiff, and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

66. Defendant's conduct, as alleged hereinabove, constitutes unfair competition in violation of the Business & Professions Code § 17200 et seq.

67. Defendant, by engaging in the conduct herein alleged, by not paying employees all wages, and by failing to provide employees with meal and rest breaks (or premium pay for missed meal and rest breaks), either knew or, in the exercise of reasonable care, should have known that their conduct was unlawful; therefore their conduct violates the Business & Professions Code § 17200 et. seq.

68. As a proximate result of the above-mentioned acts of Defendant, Plaintiff and others similarly situated have been damaged, in a sum to be proven.

69. Unless restrained by this Court, Defendant will continue to engage in such unlawful conduct as alleged above. Pursuant to the Business & Professions Code this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendant or its agents or employees of any unlawful or deceptive practice prohibited by the Business & Professions Code, including but not limited to the disgorgement of such profits as may be necessary to restore Plaintiff and members of the proposed class to the money Defendant has unlawfully failed to pay.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1. Certification of the California state-law claims as a class action brought

pursuant to Federal Rule of Civil Procedure Rule 23;

2.  Designation of Plaintiff as representative of the Class;

3.  An award of damages, according to proof, including liquidated damages, to be paid by Defendant to the Class for overtime and all other statutory remedies permitted;

4.  Penalties pursuant to California Labor Code § 2699, as may be proven;

5.  An order enjoining Defendant and its agents, servants, and employees, and all persons acting under, in concert with, or for them, from failing to provide Plaintiff and the Class with proper compensation and with meal and rest breaks;

6.  Restitution to the Class for unfair competition pursuant to California Business & Professions Code §17200, including disgorgement or profits, in an amount as may be proven;

7.  Penalties available under applicable law;

8.  Costs of action incurred herein, including expert fees;

9.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and other applicable statues;

10. An award of pre-judgment and post-judgment interest; and,

11. Such other and further relief as the Court may deem proper and just.

DATED:   July 17, 2009

ORSHANSKY & YEREMIAN LLP

By _____
David H. Yeremian
Attorneys for Plaintiffs

- 14 -
SECOND AMENDED CLASS-ACTION COMPLAINT